UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRESHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTAL ALIWALAS, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-3438-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Kristal Aliwalas, Mark Davis, and Eleonor Griffith—medical staff at High Desert State Prison ("HDSP")—and Mercedeh Baghai, Kevin Rueter, and Sanjay Shah—doctors at Banner Lassen Medical Center—alleging that they neglected his medical needs in violation of the Eighth Amendment. ECF No. 1. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

### Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he has suffered from medical neglect and negligence surrounding how defendants handled his hernias. ECF No. 1 at 3. He alleges that in 2020 he began experiencing swelling and pain in his abdominals. *Id.* at 5. He alleges that he was seen by HDSP medical staff, and that an unidentified doctor diagnosed him with a hernia and prescribed a hernia belt. *Id.* Plaintiff alleges that the hernia belt did not alleviate his extreme pain and swelling, and he repeatedly requested medical assistance to address his discomfort. *Id.* He alleges that unidentified prison medical staff waited three years to address his complaints, and by that point, he needed emergency care to address his hernias. *Id.* He alleges that he was sent to Banner

2

1  Hospital, which had a contract with the California Department of Corrections and Rehabilitation
2  ("CDCR"), where he met Shah, who informed plaintiff that he needed surgery and provided no
3  other alternatives. *Id.* He alleges that he agreed to have surgery, but the staff botched it, causing
4  him permanent nerve and psychological damage, and requiring another surgery to fix the issues
5  from the first surgery. *Id.* at 5-6. He alleges that both the three-year delay by prison staff and the
6  botched emergency surgery by hospital staff violated his Eighth Amendment rights. *Id.* at 6.

7  Plaintiff attached his medical records to the complaint. *Id.* at 8-24. According to these
8  documents, Shah performed hernia repair surgery on plaintiff in January 2024. *Id.* at 14-15.
9  Plaintiff reported continuing pain following the surgery, and Baghai conducted a follow-up
10 surgery in June 2024. *Id.*

11 Plaintiff's complaint fails to state a viable Eighth Amendment claim. First, to the extent
12 that plaintiff brings his claims against Aliwalas, Davis, Griffith, and Rueter, the complaint does
13 not comply with Rule 8, as its allegations against each of those named defendants are not simple,
14 concise, or direct. Fed. R. Civ. P. 8(d)(1). Instead, the complaint makes its allegations generally
15 and without explaining how each defendant was involved in the alleged violation of plaintiff's
16 rights. *See generally* ECF No. 1 at 5-6. Thus, it is unclear how Aliwalas, Davis, Griffith, or
17 Rueter participated in the alleged wrongdoing, or whether they were involved at all. As such,
18 plaintiff's complaint fails to state a claim against these defendants.

19 As for the remaining defendants—Shah and Baghai—plaintiff adequately alleges that they
20 acted under color of state law because he alleged that Banner Hospital contracts with the CDCR.
21 *See Harris v. Mkrtchyan*, No. 2:19-cv-1040-JAM-JDP, 2021 WL 2651999, at *2 (E.D. Cal. June
22 28, 2021) ("[A]n inmate plaintiff can state a [§ 1983] claim [against private hospital doctors] if he
23 alleges that the defendant[s] contracted directly with the state to provide medical services to
24 inmates."). Nevertheless, he fails to state a claim against them because he does not allege that
25 they acted with deliberate indifference.

26 State actors are deliberately indifferent if they know that a prisoner faces a substantial risk
27 of serious harm, and they disregard that risk by failing to take reasonable steps to abate it.
28 *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The state actors must not only "be aware of facts

1 from which the inference could be drawn that a substantial risk of serious harm exists," but they
2 "must also draw the inference." *Id.* "Mere indifference, negligence, or medical malpractice" will
3 not support a claim of deliberate indifference. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d
4 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted). Plaintiff does not
5 allege that Shah or Baghai disregarded a substantial risk to his health and failed to take reasonable
6 steps to abate it. Instead, he alleges that Shah and Baghai engaged in medical malpractice, which
7 is insufficient to allege deliberate indifference. *See id.*

8     Plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a
9 chance to amend his complaint before recommending that this action be dismissed. Plaintiff
10 should also take care to add specific factual allegations against each defendant. If plaintiff
11 decides to file an amended complaint, the amended complaint will supersede the current one. *See*
12 *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the
13 amended complaint will need to be complete on its face without reference to the prior pleading.
14 *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer
15 serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to
16 assert each claim and allege each defendant's involvement in sufficient detail. The amended
17 complaint should be titled "First Amended Complaint" and refer to the appropriate case number.
18 If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

19     Accordingly, it is hereby ORDERED that:

20     1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

21     2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

22     3. Within thirty days from service of this order, plaintiff shall file either (1) an amended
23 complaint or (2) notice of voluntary dismissal of this action without prejudice.

24     4. Failure to timely file either an amended complaint or notice of voluntary dismissal may
25 result in the imposition of sanctions, including a recommendation that this action be dismissed
26 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

27     5. The Clerk of Court shall send plaintiff a complaint form with this order.

28

IT IS SO ORDERED.

Dated:   <u>March 11, 2025</u>

                JEREMY D. PETERSON
                UNITED STATES MAGISTRATE JUDGE