1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM CRESHAM,                          Case No.  2:24-cv-3438-JDP (P)

12               Plaintiff,

13        v.                                   ORDER

14   KRISTAL ALIWALAS, *et al.*,

15               Defendants.

16

17

18        Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Kristal

19   Aliwas, Mark Davis, and Eleanor Griffith—medical staff at High Desert State Prison

20   ("HDSP")—and Mercedeh Baghai, Kevin Rueter, and Sanjay Shah—doctors at Banner Lassen

21   Medical Center—alleging that they provided him inadequate medical care and thus violated his

22   Eighth Amendment rights.  ECF No. 11.  For the purposes of screening, plaintiff has sufficiently

23   alleged an Eighth Amendment claim against defendants Aliwas and Davis for inadequate medical

24   care.  However, his allegations fail to state cognizable Eighth Amendment claims against the

25   remaining defendants.  Plaintiff may, if he chooses, file an amended complaint that addresses the

26   deficiencies noted herein, or he may proceed only on the cognizable Eighth Amendment claims.

27

28

                                              1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in March 2020, he arrived at HDSP where he was prescribed a hernia belt and told his hernia would be addressed. ECF No. 11-1 at 3. He alleges that Aliwas, a registered nurse and HDSP's supervising representative over 602 grievances, did not approve him for hernia surgery until January 2024. *Id.* He alleges that Aliwas saw plaintiff's hernia grow

2

1    larger until it eventually became strangled, but she waited three years and nine months to

2    schedule him for surgery. *Id.* Plaintiff also alleges that Davis, an attending physician at HDSP,

3    witnessed plaintiff's hernia issues but failed to act. *Id.* at 4. He states that Davis did not prescribe

4    him pain medication until February 2024 and failed to schedule him for surgery because the

5    surgery was considered elective. *Id.* He alleges that the three-year-and-nine-month delay in his

6    ability to receive his first hernia surgery caused him severe pain and exacerbated his hernia

7    issues. *Id.* at 3-4.

8          Plaintiff alleges that he had his first hernia surgery at Banner Hospital in January 2024,

9    and that Shah "botched" the procedure. ECF No. 11 at 4. He contends that Shah inadequately

10   performed his first surgery, leading to him nearly dying and needing additional surgeries. *Id.* He

11   alleges that Baghai performed his second and third hernia surgeries, but that these surgeries were

12   also botched. *Id.* at 3. He alleges that Reuter, the attending medical doctor at Banner Hospital,

13   failed to adequately supervise Shah and Baghai, as evidenced by the fact that he had to have three

14   surgeries. *Id.* at 5.

15         Plaintiff alleges that after his third surgery, Griffith, another medical doctor at HDSP, did

16   not prescribe him the medication he requested for his hernia pain. ECF No. 11 at 5. Plaintiff

17   states that he wanted a specific pain medication, but Griffith prescribed him a different pain

18   medication due to prison medication protocols, although Davis was later able to prescribe him a

19   better pain medication. *Id.* Plaintiff alleges that each of these defendants provided him

20   inadequate medical care, in violation of the Eighth Amendment. *See id.* at 3-6; ECF No. 11-1 at

21   3-6.

22         Plaintiff's first amended complaint sufficiently alleges cognizable Eighth Amendment

23   claims against Aliwas and Davis for their delayed treatment of his hernia. To bring an Eighth

24   Amendment claim predicated on inadequate medical care, a plaintiff must make two showings.

25   *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013). First, he must

26   show that he had a serious medical need wherein the failure to treat the condition could result in

27   more significant injuries or the unnecessary infliction of pain. *Id.* Second, he must show that

28   defendant's response to the need was deliberately indifferent. *Id.* Defendants act with deliberate

3

1    indifference when they fail to respond to a prisoner's pain or medical need, which can be shown

2    by the denial, delay of, or intentional interference with medical treatment, or in the way the prison

3    official provided the medical care. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

4    Defendants must be subjectively aware of the serious medical need and fail to adequately respond

5    to it. *Lemire*, 726 F.3d at 1082.

6        For the purposes of screening, plaintiff has sufficiently alleged that Aliwas and Davis

7    were deliberately indifferent to his medical needs in their treatment for his hernia.  Plaintiff

8    alleges that both Aliwas and Davis were aware he had a hernia upon his arrival to HDSP in 2020,

9    and that they witnessed his hernia issues become progressively worse over time. *See* ECF No.

10   11-1 at 3-4.  He also alleges that Aliwas and Davis purposefully delayed him from receiving

11   proper medical treatment for his hernia, which caused him pain and suffering. *See id.*

12   Accordingly, plaintiff has sufficiently alleged a cognizable Eighth Amendment claim against

13   Aliwas and Davis.

14       However, plaintiff fails to state cognizable Eighth Amendment claims against the

15   remaining defendants.  As for defendants Shah, Rueter, and Baghai, plaintiff arguably fails to

16   allege that they acted under color of state law because he does not specifically allege that Banner

17   Hospital contracts directly with the state. *See Harris v. Mkrtchyan*, No. 2:19-cv-1040-JAM-JDP,

18   2021 WL 2651999, at *2 (E.D. Cal. June 28, 2021) ("[A]n inmate plaintiff can state a [§ 1983]

19   claim [against private hospital doctors] if he alleges that the defendant[s] contracted directly with

20   the state to provide medical services to inmates.").

21       Plaintiff's claims against Shah and Baghai also fail because he does not sufficiently allege

22   that they were deliberately indifferent to his medical needs.  "Mere indifference, negligence, or

23   medical malpractice" will not support a claim of deliberate indifference. *Lemire*, 726 F.3d at

24   1082 (citation and internal quotation marks omitted).  Plaintiff does not allege that Shah or

25   Baghai disregarded a substantial risk to his health and failed to take reasonable steps to abate it.

26   Instead, he alleges that Shah and Baghai engaged in medical malpractice, which is insufficient to

27   allege deliberate indifference. *See id.*

28

4

1   As for plaintiff's claim against Rueter, it also fails because it hinges on a *respondeat*

2   *superior* theory of liability.  There is no *respondeat superior* liability under § 1983.  *Taylor v.*

3   *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, a supervisor may only be held liable under

4   § 1983 if a plaintiff has alleged specific facts showing "either (1) his or her personal involvement

5   in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

6   wrongful conduct and the constitutional violation."  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.

7   2011) (internal quotation marks and citation omitted).  Plaintiff makes no such allegations, and

8   simply alleges that Rueter should be held responsible for Shah's and Baghai's conduct because he

9   is their supervisor; this is insufficient to state a claim.

10   Finally, plaintiff's claim against Griffith fails because he has not sufficiently alleged that

11   she was deliberately indifferent to his medical needs.  Plaintiff complains that Griffith did not

12   prescribe him a specific pain medication.  *See* ECF No. 11-1 at 5.  A difference in medical

13   opinion—which this appears to be—is insufficient to establish a defendant acted with deliberate

14   indifference.  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  As such, plaintiff's claim

15   against Griffith fails.

16   Plaintiff may either notify the court that he wishes to proceed only with his Eighth

17   Amendment inadequate medical care claims against Aliwas and Davis, in which case I will direct

18   service, or plaintiff may elect to amend his complaint.  If plaintiff amends his complaint, I will

19   delay serving any defendant and will screen his amended complaint in due course.  Plaintiff is

20   reminded that any amended complaint will supersede the current one.  *See Lacey v. Maricopa*

21   *Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled

22   "Second Amended Complaint" and refer to the appropriate case number.

23   Accordingly, it is hereby ORDERED that:

24   1.  Within thirty days from the service of this order, plaintiff must indicate his intent to

25   proceed only with his Eighth Amendment inadequate medical care claims against Aliwas and

26   Davis, or he must file an amended complaint.  If he selects the latter, no defendants will be served

27   until the new complaint is screened.

28   2.  The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

5

1

2   IT IS SO ORDERED.

3

4   Dated:    May 12, 2025                          _____
                                                    JEREMY D. PETERSON
5                                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28