UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRESHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISTAL ALIWALAS, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-3438-JDP (P)<br><br>ORDER |

William Cresham, a state prisoner, brings this action against five defendants, all medical providers, and alleges numerous violations of his Eighth Amendment right to adequate medical care. The claims raised, however, are not sufficiently related to proceed together. I will dismiss the operative complaint, ECF Nos. 16 & 16-1, with leave to amend so that plaintiff may bring only related claims.

**I. Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's lengthy complaint, replete with medical and grievance records, contains three unrelated claims regarding his medical care. First, he alleges that defendants Aliwalas and Davis delayed his necessary hernia surgery for nearly four years, from March 2020 to January 2024. ECF No. 16 at 3-4. Second, he claims that defendant Eleanor Griffith, a physician, violated his rights by curtailing his prescription pain medication in early 2025. *Id.* at 6. Plaintiff also alleges that Griffith ignored his claims about constipation and stomach pain in July 2025. *Id.* He claims that Griffith declined to help him in retaliation for his filing this lawsuit. *Id.* at 16. Finally, plaintiff alleges that defendants Baghai and Shah violated his rights by botching surgical procedures to repair his hernia. ECF No. 16-1 at 4, 14.

These allegations, while all related to issues with his hernia, span different years and

represent distinct allegations of wrongdoing against multiple defendants. Whether Aliwalas and Davis delayed plaintiff's surgery from 2020 to 2024 is a separate factual question from whether defendants Baghai and Shah inadequately performed the surgery or whether Griffith retaliated against him in 2025 for filing a lawsuit. Litigating these claims together would be inappropriate. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

I will give plaintiff an opportunity to amend so that he may bring only related claims. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 16 & 16-1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:     September 23, 2025            _____
                                         JEREMY D. PETERSON
                                         UNITED STATES MAGISTRATE JUDGE