UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRESHAM,<br>Plaintiff,<br>v.<br>KRISTAL ALIWALAS, et al.,<br>Defendants. | Case No. 2:24-cv-3438-JDP (P)<br><br>ORDER |

Pending are plaintiff's motions to continue his deposition, ECF No. 39, and to appoint counsel, ECF No. 40. Defendants have indicated that they do not oppose continuing plaintiff's deposition. ECF No. 41. Accordingly, the motion to continue is granted and, for the reasons stated below, the motion to appoint counsel is denied.

Motion to Continue

Plaintiff seeks to continue his deposition noticed for August 19, 2026. ECF No. 39. Defendants state that they do not oppose a continuance. ECF No. 41. Accordingly, the motion is granted, and defendants may set a new date when ready.

Motion to Appoint Counsel

Plaintiff requests appointment of counsel and argues that the case is complex insofar as it involves claims regarding medical care and multiple defendants. ECF No. 40 at 1. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d

1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Here, although plaintiff argues that the case is complex, it is not different in kind from hundreds of other inadequate-medical-care claims made by prisoners in this district every year. While many those claimants would undoubtedly be served by appointment of counsel, the reality is that a limited pool of counsel exists for prisoner civil rights cases, and I will pursue appointment of counsel only for those cases with truly exceptional circumstances. The motion is denied.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to continue his deposition, ECF No. 39, is GRANTED.
2. Plaintiff's motion for appointment of counsel, ECF No. 40, is DENIED.

IT IS SO ORDERED.

Dated: August 26, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE